IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

VINCENT ELLIOT WILSON,
    Plaintiff,

v.                                                               Civil Action No. 3:22cv692 (DJN)

DEPUTY LUAREANO, *et al.*,
    Defendants.

### MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se*, submitted this action under 42 U.S.C. § 1983. By Memorandum Opinion and Order entered on April 18, 2024, the Court granted Defendants' Motion for Summary Judgment, denied Plaintiff's Partial Motion for Summary Judgment and dismissed the action. (ECF Nos. 58, 59.)

On August 4, 2025, and again on September 29, 2025, the Court received a Motion for Reconsideration from Plaintiff. (ECF Nos. 63, 65.) Because the motions were filed more than twenty-eight days after the entry of the April 18, 2024 Memorandum Opinion and Order, the motions are governed by Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motions"). *See In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992).

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). Furthermore, a litigant

cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

In his Rule 60(b) Motions, Plaintiff fails to identify under what subsection of Rule 60(b) he contends that he is entitled to relief. Further, Plaintiff fails to demonstrate any exceptional circumstances that warrant relief under Rule 60(b). *Dowell*, 993 F.2d at 48. Moreover, none of his arguments about why he could not litigate his case after his release in March of 2024 make sense in the context of this case. Plaintiff filed a Partial Motion for Summary Judgment, an Opposition to Defendants' Motion for Summary Judgment, and various declarations, and the motions were fully briefed prior to his release in March of 2024. Accordingly, the Rule 60(b) Motions (ECF Nos. 63, 65) will be DENIED.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

                                                  /s/
                                         David J. Novak
                                         United States District Judge

Richmond, Virginia
Date:  January 8, 2026